ORIGINAL

FILED
SEP 2 8 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN AGUILUZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Respondent. | Cr. No.  05-0738GT<br>Cv. No.  05-2217GT<br><br>ORDER |

　　　　On December 2, 2005, Petitioner, Martin Aguiluz ("Mr. Aguiluz"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Aguiluz argues that his counsel was ineffective for a variety of reasons. Mr. Aguiluz also argues that his sentence violates the law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). Additionally, Mr. Aguiluz argues that his sentence violates the new law as set forth in United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). The Court has fully considered this matter, including a review of Mr. Aguiluz's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Aguiluz's Motion to Vacate, Set Aside or

Correct Sentence is **DENIED**.

First, Mr. Aguiluz pled guilty, pursuant to a written plea agreement, to one count of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Aguiluz explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Aguiluz expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Aguiluz is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Aguiluz had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Aguiluz argues that his counsel was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Aguiluz has made no showing that he would have gone to trial but for the errors of his counsel. In fact, Mr. Aguiluz's guideline range was 30-37 months. By pleading guilty he received only a 24 month sentence which was a substantial benefit to him.

Additionally, Mr. Aguiluz argues that his sentence was based on judicial fact-finding and not supported by a jury verdict. However, this is incorrect. Mr. Aguiluz specifically pled guilty to two counts of illegal entry. In short, Mr. Aguiluz pled guilty to the facts supporting his conviction. Additionally, Mr. Aguiluz also admitted to the applicable guideline range. Hence, Mr. Aguiluz either pled guilty or admitted all requisite facts supporting his conviction and sentence in his plea agreement.

Finally, Mr. Aguiluz argues that he is entitled to relief under the new case law of United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In

essence, Mr. Mendez argues that he is entitled to retroactive relief under the new case of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit opinion of <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005). In <u>Cruz</u>, the Ninth Circuit specifically held that <u>Booker</u> "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." <u>United States v. Cruz</u>, 423 F.3d at 1121. Since Mr. Aguiluz is collaterally attacking his sentence under <u>Booker</u> and that sentence was final before the publication of <u>Booker</u>, his argument is foreclosed by the <u>Cruz</u> case. Accordingly,

**IT IS ORDERED** that Mr. Aguiluz's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

September 28, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner